UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>Respondent. | No. 2:21-cv-1160 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an armed robbery conviction in the Sacramento Superior Court. Presently before the court are petitioner's motions to proceed in forma pauperis and his amended petition for screening. For the reasons set forth below, the court will grant the motions to proceed in forma pauperis and recommend that the petition be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Petitioner has filed two motions to proceed in forma pauperis. (ECF Nos. 2, 10.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

1

**SCREENING**

### I. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### II. The Petition

Petitioner initiated this action with the filing of the original petition. (ECF No. 1.) Thereafter, he filed an amended petition. (ECF No. 9.) The court will screen the amended petition, because as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal); see also Rule 12, Rules Governing Section 2254 Cases (The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent they are not inconsistent with any statutory provisions or the rules.").

In the amended petition, petitioner challenges his 1984 conviction for burglary. (ECF No. 9 at 1.) He argues his trial counsel was ineffective because he failed to investigate his alibi. (Id. at 3.) Petitioner has included records related to the petition he filed in state court. Upon review of the court records attached to the petition, it appears that petitioner was released from custody on the conviction challenged in the petition in April 2016. (See Id. at 22-23.)

### III. Custody Requirement

This court only has jurisdiction over petitioner's habeas petition if he is "in custody" under the conviction or sentence attacked. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkeonenen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

1  States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241 § 2241(c)(3).  The "in custody" requirement is
2  jurisdictional, and "requir[es] that a habeas petitioner be 'in custody' under the conviction or
3  sentence under attack at the tie his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91
4  (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

5       If a habeas petitioner is not actually incarcerated pursuant to the conviction or convictions
6  he seeks to reverse, the petitioner must establish that he is subject to conditions that "significantly
7  restrain . . . [his] liberty."  Jones v. Cunningham, 371 U.S. 236, 243 (1963); Virsnieks v. Smith,
8  521 F.3d 707, 717-19 (7th Cir. 2008).  However, "once the sentence imposed for a conviction has
9  completely expired, the collateral consequences of that conviction are not themselves sufficient to
10 render an individual 'in custody' for the purposes of a habeas attack upon it."  Maleng, 490 U.S.
11 at 492; Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) ("Because the sentence for this
12 conviction expired before [the petition was filed], it cannot satisfy the "in custody" requirement—
13 even though it may have had the collateral consequences of enhancing his subsequent federal
14 sentence, delaying his release on parole postponing the end of his parole term.").

15      Because it appears that petitioner was released from custody related to the challenged
16 conviction in 2016, he is no longer "in custody" as required for this court to exercise jurisdiction
17 over his case.  Petitioner should be aware of the "in custody" requirement because this court
18 dismissed a prior petition challenging the same conviction on the same grounds.  See Turner v.
19 Unknown, 2:20-cv-0201 KJM CKD P (August 12, 2020 order adopting findings and
20 recommendations in full and dismissing petition because petitioner was no longer in custody on
21 the challenged conviction).  Accordingly, the court will recommend that the petition be dismissed
22 without leave to amend.

23 **CONCLUSION**

24      For the reasons set forth above, IT IS HEREBY ORDERED that:

25     1. Petitioner's motions to proceed in forma pauperis (ECF Nos. 2, 11) are granted.

26     2. The Clerk of the Court shall randomly assign a United States District Judge to this
27 action.

28 ////

IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/turn1160.scrn fr